## Case No. 1,599.

### In re BOGERT et al.

[2 N. B. R. 585 (Quarto, 178); [1] 1 Chi. Leg.
News, 342.]

District Court, S. D. New York. May 8, 1869.

BANKRUPTCY — POWERS OF REGISTER — EMPLOY-
MENT OF WATCHMAN TO GUARD PROPERTY.

The bankrupts surrendered their property to the
register, who appointed a watchman to guard
and keep it, and submitted a report of his action
to the district judge for approval, who ordered
United States commissioner to take testimony
as to the facts.

[Cited in Re Carow, Case No. 2,426; Re
Brinkman, Id. 1,884.]

[In bankruptcy. In the matter of Bogert
and Evans. Heard on the register's certifi-
cate, which was as follows:]

I certify that upon the receipt by me of
the reference and schedules in the above en-
titled matter, I was requested, by the attor-
ney for the petitioners, to appoint a suitable
and proper person to take charge of the ef-
fects of the petitioners at once, as persons
were then removing property from the store;
the sheriff threatened to remove certain other
portions thereof; other persons claimed that
they were entitled to certain other portions
of the property. I immediately visited the
store of the petitioners, found a large amount
of property in the store, and various claim-
ants of the same. I immediately sent for
and appointed a fit and proper person as
keeper and watchman, and made the order
in the case, dated December 31st, 1868 (ap-
pointing Mulligan watchman), deeming such
appointment, under the circumstances, as
absolutely necessary to keep and protect the
property, until it could be turned over to the
assignee. Such has been the uniform prac-
tice in this district, and the Case of Has-
brouck [Case No. 6,189] has, as I understand,
been uniformly followed. I consider this
case as one in which it was my imperative
duty to appoint a keeper and watchman, it
being a case in which many of the creditors,
and those having the largest amounts, re-
quested me to keep a watchman there con-
tinuously until the assignee went into pos-
session. there being a conflict between the
creditors. The rendition of the services is
not disputed by the assignee, and I have
made the order of the 6th May, 1869, under
section four, bankrupt act, and the Case of
Hasbrouck, as above cited. I was person-
ally liable for this property; the attach-
ments had been vacated by the state courts;
the sheriff only had a right to the fees due
him. I did not dare risk thirty thousand
dollars worth of property to any sheriff. I
was, for my own safety, as well as for the
creditors. in duty bound to protect that pro-
perty, as I did by appointing a watchman.

John Fitch, Register.

[1] [Reprinted from 2 N. B. R. 585 (Quarto,
178), by permission.]

## Case No. 1,600.

### In re BOGERT et al.

[3 N. B. R. 651 (Quarto, 161).] [1]

District Court, S. D. New York. April 16, 1870.

BANKRUPTCY—ASSIGNEE — KINSHIP TO BANKRUPT
—DISQUALIFICATION.

At a meeting of creditors, several members
of one family offer proofs of claims for a large
amount against the bankrupts, which were ob-
jected to by counsel for opposing creditors, and
a postponement for investigation by the as-
signee, took place. One of the first named cred-
itors, who is a son of one of the bankrupts,
having a claim of fifty-six thousand nine hun-
dred and thirty-nine dollars and eight cents
against the estate, is elected assignee, which
counsel aforesaid object to. Held, the son of a
bankrupt is not the proper person to be invested
with the power of assignee and investigate the
claims of other members of same family. Ap-
pointment not affirmed.

[In bankruptcy. In the matter of John B.
Bogert and Cornelius Oakley, Jr. Heard on
the register's certificate, which was as fol-
lows:]

The undersigned, one of the registers in
bankruptcy, hereby certifies to this honor-
able court, that, at the first meeting of credit-
ors, objections were made to the following
proofs by Mr. Ira O. Miller, of counsel for J.
& D. J. Stewart, two of the creditors, to wit:

| | |
|---|---:|
| Kate B. Bogert | $ 7,456 88 |
| E. A. Bogert | 4,979 51 |
| John V. Bogert | 56,939 08 |
| Elizabeth C. Bogert | 595 92 |
| Tyrril Bogert | 516 31 |
| John F. Lowell | 19,834 42 |

Thinking that said claims ought to be in-
vestigated by the assignee, I postponed the
proof of them until the assignee should be
chosen, whereupon said John V. Bogert was
elected assignee by the votes, as per state-
ment annexed. Mr. Miller objected to the
confirmation of said Bogert as such assignee,
on the ground: First. That he was a non-
resident of the district. Second. That he is
the son of one of the bankrupts. having
a claim against the estate of said bankrupt
above referred to. Upon said objections, I
proceeded, on motion of Mr. Miller, Hon.
Charles A. Peabody objecting, and took the
testimony of said John V. Bogert, which is
hereto annexed.

Pursuant to the requirements of rule 19
of this honorable court, I beg to submit that,
during the said meeting, which lasted two
days, I saw nothing that tended to throw
any suspicion upon the validity and good
faith of the claim of the said John V. Bogert,
nor do I see any reason why his election

[1] [Reprinted by permission.]

should not be confirmed, save the fact that he is a young man about thirty-two years of age, a son of one of the bankrupts, having a claim amounting to fifty-six thousand nine hundred and thirty-nine dollars and eight cents against the estate; and the further fact that members of the family of said bankrupt above-named present claims against said estate in the aggregate amounting to thirteen thousand five hundred and forty-eight dollars and sixty-two cents; and the further fact that John F. Lowell, who is a young man, the friend and lately a clerk of the bankrupt, and now a clerk in a hardware store at a salary of twelve dollars a week, presents a claim for nineteen thousand eight hundred and thirty-four dollars and forty-two cents against said estate, if indeed these facts be at all reasons why his election should not be affirmed. I think it, however, my duty to call the attention of the court to 2 N. B. R. 45 [In re Powell, Case No. 11,354]. All of which is respectfully submitted.

### Memorandum.

This being the day appointed by the court for the first meeting of creditors in the above bankruptcy, and of which due notice has been given in the New York Times and Commercial Advertiser, and by special notice served personally, or through the mail, we, whose names are hereunder written, being the greater part in number and in value of the creditors of the said John B. Bogert and Cornelius Oakley, Jr., bankrupts aforesaid, present at this meeting, and who have proved our debts, have chosen, and do hereby nominate and choose John V. Bogert to be the assignee of the said bankrupt's estate and effects, and we do desire that he may be appointed such assignee accordingly:

| | | |
|---|---:|---:|
| John W. Stevens, Esq., New York City | $ 750 | 00 |
| Meriden Butt Co., Meriden, Conn... | 141 | 28 |
| Blackwell & Burr, New York City.. | 433 | 50 |
| Charles Van Bokkelin, New York City | 400 | 00 |
| Nathan Weed, New York City...... | 55 | 65 |
| C. C. Abel, New York City........ | 1,286 | 61 |
| Frederick H. Polt, New York City.. | 48 | 00 |
| Cutter, Tower & Co., New York City | 42 | 85 |
| Clark, Wilson & Co., New York City | 169 | 63 |
| De Witt Broth. & Co., New York City | 23 | 59 |
| Aaron L. Reid, New York City.... | 300 | 00 |
| Wm. A. Dodge & Co., New York City | 356 | 35 |
| Greenfield, Tool & Co., Greenfield, Mass. ....................... | 137 | 12 |
| W. & S. Butcher, Sheffield, England.. | 82 | 80 |
| R. E. Hadley, Deposit, N. Y....... | 66 | 58 |
| C. Lockwood & Co., New York City.. | 204 | 19 |
| Bless & Drake, Newark, N. J...... | 122 | 80 |
| Augustus W. Payne, New York City | 2,284 | 06 |
| Newcomb Bros. & Sons, New York City ....................... | 34 | 35 |
| Sampson & Baldwin, New York City.. | 328 | 76 |
| J. S. Leverett & Co., New York City.. | 23 | 75 |
| John Post, New York City........ | 121 | 98 |

"John V. Bogert called and duly sworn. Mr. Peabody objected to the introduction of his testimony. Objection overruled. By Mr. Miller: (1) Q. Are you the son of the bankrupt? A. I am. (2) Q. Do you keep house or board? A. I have boarded. (3) Where? A. 140 W. 34th street. (4) When? A. To-day. (5) Q. When did you take it? A. I secured my place to-day. (6) Q. Today? A. Yes, sir. (7) Q. Where did you board previous to that? A. Brooklyn, 105 Hicks street, part of the time. (8) Q. How long have you boarded there? A. Whenever I am here, off and on. (9) Q. About how long, some months and years? A. While in town, some two or three years. (10) Q. Where are your things? A. Still in my trunk. (11) Q. In Brooklyn? A. Yes, sir. (12) Q. You have not moved your things? A. No, sir. (13) Q. But you intend to move? A. I intend to do so this day. By Mr. Peabody. (14) Q. Have you a place of business? A. 89 Pearl street, New York city. (15) Q How long have you had a place of business in the city of New York, sir? A. Since '66. (16) Q. Have you had a place of business in the city of New York all the time since '66 to the present time? A. Constantly. (17) Q. And have you been in business all the time there? A. Yes, sir. By Mr. Miller. (18) Q. What is your business there? A. I have an office there for the transaction of the Washington claim business, and also for the operation of a patent. (19) Q. Are you in business on your own account? A. My own account. (20) Q. Not as clerk or employee? A. No, sir."

Taken before me this 14th day of April, 1870.      I. T. Williams, Register.

BLATCHFORD, District Judge. As the register has thought it proper to postpone the proof of claims made by members of the family of one of the bankrupts, amounting to thirteen thousand five hundred and forty-eight dollars and sixty-two cents, until an assignee is chosen, on the ground that he thinks that such claims ought to be investigated by the assignee, I do not think proper that the son of the bankrupt, of whose family such persons are members, should become such assignee. I therefore do not confirm or approve of his appointment.